IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY J. HAMPTON,

                Petitioner,                      OPINION & ORDER

    v.

                                              07-cr-26-jdp

UNITED STATES OF AMERICA,            18-cv-462-jdp

                Respondent.

---

Prisoner Timothy Hampton has filed a petition under 28 U.S.C. § 2255 to challenge this court's decision to revoke his supervised release. I understand Hampton to be contending that the factual basis for the court's decision was incorrect. Specifically, he says that: (1) he did not plead guilty to any crimes in 2016 in state court, as alleged by the government; and (2) in October 2017, several months after I revoked Hampton's supervised release, a state court dismissed charges that were pending during the revocation hearing. The first contention is untimely, unsupported, and irrelevant, and the second contention is irrelevant, so I will deny Hampton's motion.

The transcript of Hampton's revocation hearing shows that he cannot prevail on his § 2255 motion. Through his lawyer, Hampton admitted to violating his conditions of supervised release in three ways: (1) he committed another crime when he choked a woman named Kenyetta Rhea in November 2015; (2) he failed to participate in anger management counseling as directed; and (3) he failed to follow the instructions of his probation officer when he had contact with Shakia Johnson. Dkt. 66, at 3–4.[1] Although I noted that the government

---

[1] Docket entries are to No. 07-cr-26-jdp unless otherwise noted.

also alleged that Hampton had committed a battery against Johnson, I made it clear repeatedly throughout the hearing that I was not considering that allegation because the charge was pending in state court. *Id.* at 8–9, 17, 21.

I understand Hampton's first claim to be that he did not plead guilty to the crime against Rhea, but he does not cite any evidence to support that allegation, not even his own affidavit or declaration. Regardless, the allegation is irrelevant because Hampton stipulated to that violation at the revocation hearing. He cannot use a § 2255 motion to raise an issue that he could have raised before. *Massaro v. United States*, 538 U.S. 500, 504 (2003). And even if he could, his motion would be untimely because Hampton waited more than a year to file it. 28 U.S.C. § 2255(f)(1).

As for Hampton's second claim, the government acknowledges that the state court charges related to Shakia Johnson were dismissed in October 2017. But the dismissal of those charges is irrelevant because I did not rely on them when I decided to revoke Hampton's supervised release, as discussed above.

Because neither claim raised in Hampton's petition has merit, I will deny the petition. Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless Hampton makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated,

I conclude that Hampton has not made a showing, substantial or otherwise, that he is entitled to relief. Because reasonable jurists would not debate whether a different result is required, I will not issue Hampton a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Timothy Hampton's motion under 28 U.S.C. § 2255 is DENIED.

2. Hampton is DENIED a certificate of appealability. If Hampton wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered October 5, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge